IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL AYALA ALVAREZ,
MANUEL AYALA ALVAREZ, II,
and ISRAEL AYALA ALVAREZ,

      Plaintiffs,

  v.

POLICE OFFICER R. DAVIS,
BADGE 340, POLICE OFFICER
LANDBURG, BADGE 280, and CITY
OF SACRAMENTO,

      Defendants.
_____/

No. CIV.S-06-1132 LKK DAD PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

      Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(C)(21), pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted an incomplete affidavit regarding his alleged inability to pay fees. Specifically, plaintiff has failed to complete the second page of the required Application to Proceed Without Prepayment of Fees and Affidavit. Accordingly, the

1

1  request to proceed in forma pauperis will be denied without
2  prejudice.
3         Further, pursuant to 28 U.S.C. § 1915(e)(2), the court is
4  directed to dismiss the case at any time if it determines the
5  allegation of poverty is untrue, or if the action is frivolous or
6  malicious, fails to state a claim on which relief may be granted, or
7  seeks monetary relief against an immune defendant.
8         A claim is legally frivolous when it lacks an arguable
9  basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319,
10 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.
11 1984). Under this standard, a court shall dismiss a claim as
12 frivolous where it is based on an indisputably meritless legal theory
13 or where the factual contentions are clearly baseless. See Neitzke,
14 490 U.S. at 327; see also 28 U.S.C. § 1915(e).
15        A complaint, or portion thereof, should only be dismissed
16 for failure to state a claim upon which relief can be granted if it
17 appears beyond doubt that the plaintiff can prove no set of facts in
18 support of the claim or claims that would entitle him to relief.
19 Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v.
20 Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log
21 Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
22 complaint under this standard, the court must accept as true the
23 allegations of the complaint. Hospital Bldg. Co. v. Rex Hosp.
24 Trustees, 425 U.S. 738, 740 (1976). Furthermore, the court must
25 construe the pleading in the light most favorable to the plaintiff,
26 /////

2

and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds that plaintiff's complaint fails to state a claim for relief.  The complaint is brought pursuant to 42 U.S.C. § 1983 and contains a claim that plaintiff was arrested by City of Sacramento police officers and briefly incarcerated in violation of his Fourth Amendment and due process rights.  However, the events alleged in the complaint occurred on November 12, 1999, more than six years prior to the filing of the complaint.  Therefore, any § 1983 cause of action is clearly barred by the applicable one year statute of limitations.  See Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).

Additionally, the instant complaint is virtually identical to one of the several other complaints recently submitted by plaintiff for filing in this district.  The complaint in Manuel Ayala Alvarez, et al. v. Police Officer R. Davis, Badge 340, et al., No. CIV.S-06-0771 LKK DAD PS, concerns the same events and recently was dismissed with leave to amend.

Finally, the court notes plaintiff appears to be attempting to proceed on behalf of his minor sons.  However, not even as a guardian ad litem could plaintiff, as a pro se litigant, represent the interests of his sons.  See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (holding father could not represent minor son in action alleging constitutional violations without retaining counsel).

Accordingly, IT IS HEREBY ORDERED that plaintiff's

3

1  application for leave to proceed in forma pauperis is denied without
2  prejudice to submitting an amended application.  The Clerk of the
3  Court is directed to send plaintiff a new application to proceed
4  without prepayment of fees and affidavit.  If plaintiff wishes to
5  pursue this action, he shall properly complete and file an amended in
6  forma pauperis application within twenty (20) days of being served
7  with this order and findings and recommendations.

8       IT IS HEREBY RECOMMENDED that this action be dismissed
9  without leave to amend for failure to state a claim for relief.

10       These findings and recommendations are submitted to the
11  United States District Judge assigned to the case, pursuant to the
12  provisions of 28 U.S.C. § 636(b)(1).  Within twenty (20) days after
13  being served with these findings and recommendations, plaintiff may
14  file written objections with the court.  Such a document should be
15  captioned "Objections to Magistrate Judge's Findings and
16  Recommendations."  The parties are advised that failure to file
17  objections within the specified time may waive the right to appeal
18  the district court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th
19  Cir. 1991).

20  DATED: August 11, 2006.

                /s/ Dale A. Drozd
                DALE A. DROZD
                UNITED STATES MAGISTRATE JUDGE

25  DAD:th
Ddadl\orders.prose\alvarez1132.ifp.f&r

4